■ JOHN B. CONROY, as Executor of CECELIA M. CONROY, Deceased, Respondent, v PASQUALE BEVILACQUA et al., Defendants, and WISE POTATO CHIP COMPANY, THE BORDEN COMPANY, INC., Appellant.

Plaintiff's decedent was struck by a truck owned and driven by defendant Bevilacqua on September 19, 1985 and died as a result of her injuries one week later. Prior to filing a Note of Issue in this action, plaintiff deposed defendant Bevilacqua, but not any representative of his purported employer, defendant Borden, of which Wise Potato Chip is a division. Despite defendant Bevilacqua's cross-claim against Borden, at his deposition, he testified that, at the time of the accident, he was self-employed, operating as he had for 19 years, as a sole proprietorship, receiving neither payment nor salary from Borden. He asserted he purchased packaged food items from a third party distributor, likewise independent of Borden, who delivered the goods to Bevilacqua's warehouse, premises he rented from a landlord, also independent of Borden. On this basis, defendant moved for summary judgment dismissal, further supported by the affidavit of a Wise Division employee relations manager to the effect that defendant Bevilacqua had never been an employee of Wise and had no contract or agreement with Wise. In opposition, plaintiff's attorney submitted an affirmation arguing that liability could be based upon Borden's control of the truck manifested by Wise's advertising panels on the side of the alleged offending vehicle. Despite the absence of competent evidence that the alleged offending vehicle had such advertising at the time of the accident, the Supreme Court denied the motion.

The moving papers made out a *prima facie* case that defen-

dant-driver-owner of the alleged offending vehicle had no relationship with The Borden Company, Inc., including its Wise Potato Chip Division. In this posture, plaintiff was required to come forward with evidentiary facts raising an issue as to defendant Bevilacqua's status as servant or employee of the moving parties (*Zuckerman v City of New York,* 49 NY2d 557). This plaintiff failed to do. We note that even had plaintiff raised issues of fact as to defendant Bevilacqua's status as an independent contractor of Borden, which he did not, this would still have been insufficient to make out a case of vicarious liability on the part of the moving defendant (*see, Shapiro v Robinson,* 63 NY2d 896). Concur—Milonas, J. P., Rosenberger, Ellerin, Ross and Rubin, JJ.